**Basilio Francisco MIR, Appellant,**

**v.**

**George K. ROSENBERG, District Director, Immigration and Naturalization Service of the United States Department of Justice, Appellee.**

**No. 21514.**

United States Court of Appeals Ninth Circuit.

Dec. 27, 1967.

**628**

Carolyn M. Reynolds, Asst. U. S. Atty. (argued), Wm. Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Division, Los Angeles, Cal., for appellee.

Before BARNES and MERRILL, Circuit Judges, and SOLOMON, District Judge.

PER CURIAM:

Appellant, by means of habeas corpus, seeks to obtain review of an order excluding him from the United States and directing his deportation.

He is a native of Argentina who entered the United States in 1965 on a nonimmigrant visa. On May 9, 1966, following a one-day trip to Mexico, he was refused admission to the ,United States upon the ground that he was attempting to return to employment in the United States, with the intention of becoming a citizen, for which purposes an immigrant visa was required. Following an admissibility hearing he was ordered excluded and deported by the Special Inquiry Officer in charge. He was clearly advised of his right to appeal this decision to the Board of Appeals of the Immigration and Naturalization Service, but orally waived that right. He was allowed to remain in the United States briefly to wind up his affairs and was ordered to report for deportation on October 21, 1966. On that date he sought habeas corpus in the District Court. His petition was denied and this appeal followed.

Appellant's attack on the order in question would require us to review administrative findings, decide questions of burden of proof, and determine whether there was a "meaningful departure" from the country under Rosenberg v. Fleuti, 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963).

8 U.S.C. § 1105a(c) provides:

"An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations * * *."

8 U.S.C. § 1226(b) provides:

"From a decision of a special inquiry officer excluding an alien, such alien may take a timely appeal to the Attorney General, and any such alien shall be advised of his right to take such appeal."

■ This court may not entertain review where the alien has failed to take an administrative appeal. Siaba-Fernandez v. Rosenberg, 302 F.2d 139 (9th Cir. 1962).

■ Although our past cases have dealt with our lack of jurisdiction to directly review orders of deportation when no such appeal has been taken, 8 U.S.C. § 1105a(c) makes no distinction between those orders and orders of exclusion, which are reviewed initially, under 8 U.S.C. § 1105a(b), through habeas corpus in the district courts. Thus the court below could not review this decision.

Affirmed.