**Elias FAVELA, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 24246.**

United States Court of Appeals
Ninth Circuit.

Dec. 30, 1969.

David C. Marcus (argued), Los Angeles, Cal., for appellant.

Dzintra I. Janavs (argued), Asst. U. S. Atty., Wm. M. Byrne, Jr., U. S. Atty., Los Angeles, Cal., John N. Mitchell, Atty. Gen. of the U. S. A., Washington, D. C., Joseph Sureck, Reg. Counsel, I. & N. S., San Pedro, Cal., Stephen M. Suffin, Atty., I. & N. S., San Francisco, Cal., for appellee.

Before BARNES, KOELSCH and KILKENNY, Circuit Judges.

KILKENNY, Circuit Judge:

Before us for review is the order of the Board of Immigration Appeals affirming the decision of the Special Inquiry Officer, who found the petitioner deportable as charged.

Petitioner, a Mexican, was admitted into the United States as a permanent resident on March 26, 1962. On March 19, 1967, a man was found hidden in petitioner's car when he attempted to enter the United States at San Ysidro, California. On April 11, 1967, he was served with a notice of a hearing before a Special Inquiry Officer for knowingly and for gain attempting to aid, assist and abet another alien to enter the United States in violation of law. 8 U.S.C. § 1182(a) (31). The notice advised petitioner of a later hearing date and that, at such hearing, he would be entitled to be represented by counsel. On May 2, 1967, at the hearing, the petitioner was present and represented by counsel. The Special Inquiry Officer found petitioner excludable under the provisions of § 1182, *supra.* Petitioner did not appeal the decision to the Board of Immigration Appeals and was excluded. Later,

**576**

on May 12, 1967, he re-entered the United States, presenting only his passport. Subsequently, an order to show cause and a notice of hearing was issued charging that petitioner was deportable under the provisions of 8 U.S.C. § 1251(a) (1), for the reason that he was excludable under 8 U.S.C. § 1182(a) (16), as an alien who had been excluded from admission and deported and who again sought admission within one year from the date of the deportation without securing the consent of the Attorney General to re-apply for admission.

Subsequently, a hearing was held before a Special Inquiry Officer and petitioner was found deportable as charged. Later, petitioner appealed the Special Inquiry Officer's decision to the Board of Immigration Appeals. The Board affirmed the decision.

## ISSUES PRESENTED

As we read the record and analyze the briefs, the only substantial issues presented are:

(1) Is the deportation order of the hearing officer, affirmed by the Board of Immigration Appeals on March 12, 1969, supported by clear, convincing and unequivocal evidence?

(2) Does this court have jurisdiction to review the May 2, 1967, exclusion order?

(3) If so, was there substantial evidence to support the order?

■ (1) Petitioner admits that he is not a citizen of the United States, and that he was a native of Mexico and entered the United States at San Ysidro on the indicated date of May 12, 1967. The memorandum of the oral decision and his own testimony clearly establishes that petitioner was ordered excluded on May 2, 1967, and that he did not take an appeal from such exclusion order. Moreover, he concedes that upon re-entering on May 12th, he presented only his passport and indicated that he had

not obtained permission of the Attorney General to reapply for admission. For that matter, he claimed he did not know such permission was necessary. Beyond question, the deportation order, affirmed by the Board of Immigration on March 12, 1969, is supported by clear, convincing and unequivocal evidence.

■ (2) Petitioner practically concedes the foregoing, but insists he is entitled to go behind the 1968 and 69 proceedings and focus a collateral attack on the May 2, 1967, exclusion order. The provisions of 8 U.S.C. § 1105a(c), prohibit a review by this court unless the alien has exhausted all administrative remedies. A departmental regulation, 8 C.F.R. 236.5(a), gave petitioner the right to appeal the May 2nd order of the Board of Immigration Appeals. Mir v. Rosenberg, 390 F.2d 627 (9th Cir.1967) is in point. It is there held that this court has no jurisdiction to entertain a review where the alien has failed to take an administrative appeal, and that a collateral attack on an exclusion order cannot be entertained on a record such as here presented.

(3) Although we affirm on the basis of our conclusions on issues (1) and (2), we have, nevertheless, made a thorough analysis of the record in connection with the May 2, 1967, exclusion. We find there is no substance to petitioner's contentions. At the hearing, petitioner admitted that he was to receive $150.00 for transporting, into the United States, the alien found in the trunk of the automobile. Moreover, we hold that the Hearing Officer substantially complied with the requirements of all relevant regulations. Petitioner was forthwith advised of his right to appeal, but failed to invoke the benefit of the appellate procedure.

The petition for review is denied and the order of the Board of Immigration Appeals, upholding the deportation order of the Special Inquiry Officer, is affirmed.