**Filomeno SOTELO MONDRAGON,
Petitioner-Appellant,**

**v.**

**David N. ILCHERT, District Director,
Immigration and Naturalization
Service, Respondent-Appellee.**

**No. 78–3051.**

United States Court of Appeals,
Ninth Circuit.

Jan. 25, 1980.

Donald L. Ungar, Simmons & Ungar, San Francisco, Cal., for petitioner-appellant.

Barbara J. Parker, San Francisco, Cal., for respondent-appellee.

Before DUNIWAY, PECK * and CHOY, Circuit Judges.

DUNIWAY, Circuit Judge:

Filomeno Sotelo Mondragon appeals from a judgment denying his petition for a writ of habeas corpus. We affirm.

On August 24, 1976, the Immigration and Naturalization Service began deportation proceedings against Sotelo, a Mexican alien, for entry without inspection in violation of Section 241(a)(2) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1251(a)(2). An order of deportation was issued on April 27, 1978, requiring that Sotelo depart the United States on May 17, 1978. On May 15, 1978, Sotelo filed his petition for a writ of habeas corpus in the district court. The district court had jurisdiction to review the deportation order under 8 U.S.C. § 1105a(a)(9) and 28 U.S.C. § 2241. *Foti v. I&NS*, 1963, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281; *Flores v. I&NS*, 9 Cir., 1975, 524 F.2d 627.

At the deportation hearing, Sotelo admitted that he had entered without inspection, as charged. He claims, however, that the deportation order is nevertheless unlawful because in 1975 the I&NS wrongly prevented him from entering the United States pending an exclusion hearing on a charge of violating Section 212(a)(31) of the Act, 8 U.S.C. § 1182(a)(31). At that time Sotelo was a lawful permanent resident alien who had been living in San Jose, California, for 14 years. He claims that the failure of the immigration judge, *sua sponte*, to parole him into the United States pending the conclusion of the potentially lengthy exclusion proceeding, the forced surrender of his alien registration card pending the proceeding, and the introduction at the exclusion hearing of a statement written in English which he had signed, made his exclusion unlawful. Instead of pursuing these claims through his available administrative remedies, however, he did not appear at the hearing, but instead surreptitiously entered the United States.

■ The district court did not have jurisdiction, in its review of the present deportation order, to consider the propriety of the previous exclusion hearing. Section 1105a(a)(9) of 8 U.S.C. allows habeas corpus review only of an order of deportation; section 1105a(b) allows habeas corpus review of exclusion orders, but not where, as here, "the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations . . . ." 8 U.S.C. § 1105a(c); *Mir v. Rosenberg*, 9 Cir., 1967, 390 F.2d 627. The holding in a previous hearing may not be collaterally attacked in a civil proceeding to determine deportability.[1] *See, e. g., Hernandez-Almanza v. Dept. of Justice*, 9 Cir., 1976, 547 F.2d 100; *Favela v. I&NS*, 9 Cir., 1969, 420 F.2d 575; *Burr v. I&NS*, 9 Cir., 1965, 350 F.2d 87.

---

* The Honorable John W. Peck, United States Circuit Judge for the Sixth Circuit, sitting by designation.

1. In *United States v. Calderon-Medina*, 9 Cir., 1979, 591 F.2d 529, 530, we decided that in criminal prosecutions under 8 U.S.C. § 1326 (reentering the United States illegally), the law-

fulness of the underlying prior deportation is a material element of the offense and may be collaterally attacked. *Accord, United States v. Barraza-Leon*, 9 Cir., 1978, 575 F.2d 218, 220; *United States v. Gasca-Kraft*, 9 Cir., 1975, 522 F.2d 149, 152–153.

Here, there was no actual decision on exclusion but its absence is attributable to Sotelo's abandonment of the exclusion proceedings and taking matters into his own hands. As in *Hernandez-Almanza, supra,* there is no "gross miscarriage of justice" evident in a cursory review of the exclusion proceedings to the extent that they proceeded. Sotelo should not prevail merely because he chose to abandon his rights and enter this country unlawfully. Moreover, even if a final determination had been rendered and the previous exclusion were now vacated, Sotelo could be deported for entry without inspection, *see Hernandez-Almanza, supra,* 547 F.2d at 102 (citing *Reid v. I&NS,* 1974, 420 U.S. 619, 622 n.2, 95 S.Ct. 1164, 43 L.Ed.2d 501).

■ In a habeas corpus review of a deportation order, an appellant may raise only matters related to the propriety of the procedures followed by I&NS in conjunction with that order. In this case no such procedures have been contested except insofar as they relate to the earlier exclusion hearing.

Sotelo also asked the district court to review the Board of Immigration Appeals' denial, during the deportation proceedings, of a waiver of deportability under Section 212(c) of the Act, 8 U.S.C. § 1182(c). The district court concluded that it did not have jurisdiction to review this question. We disagree.

■ The district court has jurisdiction, including habeas corpus jurisdiction, to review denials of requests for discretionary relief where the proceedings are held separately from the deportation proceedings. For example, denial of a stay of deportation is reviewable in the district court. *Kwok v. I&NS,* 1967, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037. The court of appeals can review denials of discretionary relief entered during deportation proceedings as well as the deportation order itself, *id.; see also Foti, supra,* and has "sole and exclusive jurisdiction," *see* 8 U.S.C. § 1105a(a), to review these proceedings unless the review

is had by habeas corpus under § 1105a(a)(9). The Supreme Court has stated strongly that the deportability issue and the denial of ancillary relief, if adjudicated in the same proceedings, ought to be reviewed together. *Foti, supra,* 375 U.S. at 226, 84 S.Ct. 306. When the Court decided that review by the court of appeals under 8 U.S.C. § 1105a(a) included review of denials of discretionary relief during deportation proceedings it explicitly stated: "our decision in this case in no way impairs the preservation and availability of habeas corpus relief." *Id.* at 231, 84 S.Ct. at 315. We hold that, where review of the deportation order is by habeas corpus, denial of discretionary relief in the deportation proceeding is also reviewable in the habeas corpus proceeding. Although this result seems contrary to the intention of Congress to remove one layer of review and thereby prevent dilatory tactics in the review of deportation orders, *see, id.* at 225–231, 84 S.Ct. 306, this purpose is not entirely defeated because an expedited review via habeas corpus is the only review of the deportation proceedings allowed at the district court level.

■ We do not remand this case to the district court for a determination of whether there was an abuse of discretion in the denial of the waiver because we find, as a matter of law, that Sotelo was not entitled to a waiver under Section 1182(c). Section 1182(c) states:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of paragraphs (1)–(25), (30), and (31) of subsection (a) of this section.

Although several circuits and the Board of Immigration Appeals have extended the applicability of Section 1182(c) to deportation proceedings such as this under § 1251,[2]

2. *See Francis v. I&NS,* 2 Cir., 1975, 532 F.2d 268, adopted by the Board of Immigration Appeals in *Matter of Silva,* BIA, 1976, Interim Decision No. 2532. *Accord Carrasco-Favela v.*

this circuit has declined to do so. *Bowe v. I&NS*, 9 Cir., 1979, 597 F.2d 1158; *Nicholas v. I&NS*, 9 Cir., 1979, 590 F.2d 802. Therefore, Sotelo is not entitled to a waiver under Section 212(c) of his deportability under § 1251(a)(2).

Affirmed.

I&NS, 5 Cir., 1977, 563 F.2d 1220, 1221 n.3; *Vissian v. I&NS*, 10 Cir., 1977, 548 F.2d 325, 328.