976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clement C. NWABUEZE, Petitioner-Appellant,
v.
Richard C. SMITH, District Director, INS, Defendant-Respondent,
U.S. Immigration and Naturalization Service, Defendant-Appellee.
 No. 91-36302.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1992.*
Decided Sept. 24, 1992.
 
 Before EUGENE A. WRIGHT, FLETCHER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clement C. Nwabueze, a Nigerian citizen held at an I.N.S. detention center, appeals the dismissal of his habeas corpus petition. We affirm.
 
 DISCUSSION
 
 3
 Under 8 U.S.C. § 1105a(a)(10), "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." This review is strictly limited to matters related to the propriety of I.N.S. procedures, and only becomes available when an alien exhausts all administrative remedies. Sotelo Mondragon v. Ilchert, 653 F.2d 1254, 1256 (9th Cir.1980); 8 U.S.C. § 1105a(c).
 
 
 4
 At the time the district court reviewed Nwabueze's petition, his other challenge to the order of deportation (Docket No. 91-70419) was pending in this court. The district court advised him that it could not assume jurisdiction of his habeas action as long as the other challenge remained pending. The court further noted that his petition failed to allege exhaustion of administrative remedies. Nwabueze did not insert an exhaustion allegation, and his other action remains pending in this court.
 
 
 5
 Because Nwabueze failed to demonstrate exhaustion of his administrative remedies, the district court properly dismissed the habeas petition. See Sotelo Mondragon, 653 F.2d at 1256. Although he argues that exhaustion would be futile, we have no reason to assume that the agency is incapable of correcting its own alleged mistakes.[1]
 
 
 6
 The district court's judgment of dismissal is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We find it unnecessary to address the jurisdictional issue