70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juvenal VEGA-SOTO, Defendant-Appellant.
 No. 94-50544.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1995.*
Decided Dec. 4, 1995.
 
 Before: FARRIS, BRUNETTI and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juvenal Vega-Soto appeals his conviction of being "found in" the United States after a prior arrest and deportation in violation of 8 U.S.C. Sec. 1326. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 A. Constitutionality of Section 1326
 
 3
 Section 1326 is not void for vagueness because its plain meaning is obvious to a person of ordinary intelligence: "[t]o avoid being 'found in' the United States, a deported alien can either not re-enter the United States or, if he has already re-entered the United States, he can leave." Ayala, 35 F.3d at 425.
 
 
 4
 Vega-Soto argues that this holding does not apply to him because, unlike the defendant in Ayala, he was incarcerated when "found in" the United States and therefore unable to conform his conduct to avoid liability under the statute. Incarceration, however, makes the meaning of Sec. 1326 no less plain. The fact that Vega-Soto could not escape being "found in" the United States following his imprisonment has no bearing on whether Sec. 1326 defines prohibited conduct with sufficient definitiveness. See id. at 424. We follow Ayala and reject the constitutional challenge to Sec. 1326.
 
 B. Sufficiency of the evidence
 
 5
 Vega-Soto contends that the evidence supporting the required finding of voluntariness, see United States v. Pena-Cabanillas, 394 F.2d 785 (9th Cir.1968), was insufficient. He argues that the government presented no evidence that he voluntarily reentered the United States, only evidence that he was eventually found there.
 
 
 6
 Based on the fact that he was found in state prison, however, any rational trier of fact could have inferred beyond a reasonable doubt that Vega-Soto had voluntarily reentered the United States, and chose to remain in this country. See United States v. Mayberry, 913 F.2d 719, 721 (9th Cir.1990). "An alien who has been deported and voluntarily reenters the United States without authorization has the intent required to support a conviction for being 'found in' the United States." United States v. Ortiz-Villegas, 49 F.3d 1435, 1437 (9th Cir.1995). The government does not need to show intent at the time INS agents found Vega-Soto. Id.
 
 C. Due Process
 
 7
 Vega-Soto contends that his 1991 deportation cannot serve as the basis of his Sec. 1326 conviction because the deportation violated his right to due process. See United States v. Mendoza-Lopez, 481 U.S. 828, 838-39 (1987). He does not argue, however, that the due process violation arose from any legal error at the 1991 deportation proceeding. Rather, he argues that he was denied meaningful judicial review at the 1991 proceeding because, during a prior deportation hearing in 1986, the government invalidly obtained Vega-Soto's waiver of his rights to appeal and to seek a discretionary relief from deportation. But for those errors, Vega-Soto alleges, he would have retained his permanent resident status in 1986, which would have made him eligible in 1991 for relief from deportation under Sec. 212(c) of the INA, 8 U.S.C. Sec. 1182(c). We review de novo, United States v. Lopez-Vasquez, 1 F.3d 751, 752 (9th Cir.1993), and reject the argument.
 
 
 8
 If Vega-Soto had been a permanent resident in 1991, he still would not have been eligible for Sec. 212(c) relief. Vega-Soto concedes that he has a prior conviction for possession of a firearm by a felon. This conviction is a basis for deportation, 8 U.S.C. Sec. 1251(a)(2)(C), that has no comparable ground of exclusion under 8 U.S.C. Sec. 1182. He would have been ineligible for Sec. 212(c) relief in 1991. Cabasug v. INS, 847 F.2d 1321, 1323 (9th Cir.1988); In re Chow, Interim Decision (BIA) 3199 (Apr. 13, 1993).
 
 
 9
 Vega-Soto asserts that, even with the conviction, he could have applied for relief from deportation in conjunction with an application for relief under Sec. 245 of the INA, 8 U.S.C. Sec. 1255(a). See In re. Gabryelsky, Interim Decision (BIA) 3213 (Nov. 3, 1993) (alien ineligible for Sec. 212(c) relief because of firearms conviction can still apply for relief from deportation under Sec. 245 of the INA). However, he would have been ineligible for Sec. 245 relief because he entered the United States without inspection. Matter of Hernandez-Casillas, Interim Decision (BIA) 3147 n. 16 (Attorney General Opinion, March 18, 1991). Entry without inspection is unlawful even when the prior deportation is defective. See Ramirez-Juarez v. INS, 633 F.2d 174, 176 (9th Cir.1980); Sotelo Mondragon v. Ilchert, 653 F.2d 1254, 1256 (9th Cir.1980).
 
 
 10
 Vega-Soto's firearms conviction and his entry without inspection would have barred Sec. 212(c) relief in 1991. He is unable to show "plausible grounds of relief" which might have been available to him in 1991 but for the alleged deprivation of rights in 1986. The government could rely on Vega-Soto's 1991 deportation in its Sec. 1326 prosecution. See United States v. Leon-Leon, 35 F.3d 1428, 1432 (9th Cir.1994).
 
 
 11
 Affirmed.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3