**Huynh Van HONG, Appellant,**

v.

**AGENCY FOR INTERNATIONAL DE-
VELOPMENT et al., Appellee.**

**No. 72–1338.**

United States Court of Appeals,
Ninth Circuit.

Nov. 28, 1972.

Michael Allensworth, San Diego, Cal.,
for appellant.

Harry D. Steward, U. S. Atty., Robert
H. Filsinger, Frederick Holloboff, Asst.
U. S. Attys., San Diego, Cal., for appel-
lee.

Before BROWNING, HUFSTEDLER
and CHOY, Circuit Judges.

PER CURIAM:

Appellant Hong, a native and citizen
of Viet Nam, entered the United States
on February 22, 1967, under the sponsor-
ship of the Agency for International De-
velopment (A.I.D.), pursuant to a pro-
gram for the education of future leaders
of Viet Nam. Hong attended San Diego
State College and earned a bachelor's de-
gree in February 1971. Subsequently,
A.I.D. notified Hong that he was to leave
the country and informed the Immigra-
tion and Naturalization Service (I.N.S.)
that Hong was an alien without a spon-
sor or other authority to remain in the
United States. I.N.S. then initiated a
deportation proceeding pursuant to sec-
tion 242(b) of the Immigration and Na-
tionality Act.[1]  At the hearing, con-
ducted before a special inquiry officer,
Hong admitted that he was a deportable
alien, as indeed he was, since A.I.D. had
withdrawn its sponsorship. On August
6, 1971, an order was issued granting
voluntary departure to Hong in lieu of
deportation.[2]

In September 1971, Hong brought an
action against A.I.D. in the district court
based on breach of contract and justi-
fiable reliance on a promise ("contract
claims") in which he sought specific
performance or, alternatively, monetary
damages. I.N.S. was also made a de-
fendant in order to bind it by court or-
ders preserving the status quo. The
gravamen of Hong's claim is that he was
promised sponsorship until he earned his
Ph.D.

The district court first granted a tem-
porary restraining order prohibiting de-

1. 8 U.S.C. § 1252(b).

2. Pursuant to § 244(e) of the Act, 8 U.S.C.
§ 1254(e).

portation and allowing Hong to pursue his contract claims. The court thereafter dissolved the order on the ground that Hong had failed to exhaust his administrative remedies with I.N.S. before instituting proceedings in the federal court. Hong appeals from the order dissolving the restraining order. The district court granted a stay of the deportation order pending appeal.

■ This interlocutory appeal raises a single issue: Did the district court err in concluding that Hong must exhaust his remedies with I.N.S. before he is entitled to injunctive relief in aid of his contract claims? We hold that the court erred because the validity of the deportation order was not in issue in the district court and because there were no administrative remedies to exhaust in connection with the claims asserted in the district court.

When A.I.D. withdrew its sponsorship, Hong became deportable. The injury that is the foundation of his contract claims is his deportation. The deportation order is valid, and it was not attacked in the district court. Therefore, section 106(c) of the Immigration and Nationality Act ("Act"), requiring exhaustion of administrative remedies before judicial review of a deportation order,[3] is irrelevant.

I.N.S. had no jurisdiction to adjudicate the legal issues raised in Hong's action against A.I.D. In Hong's case, I.N.S. was limited to a determination of his deportability. The area of inquiry permitted in a section 242 hearing is very narrow. (*E. g.,* Foundoulis v. Lehmann (6th Cir. 1958) 255 F.2d 104; *cf.* 8 U.S.C. § 1105a(a)(4).)

■ Respondent argues that even if the relief sought from the district court was not tied to the deportation hearing, the district court properly dissolved the restraining order because, under section 106(a) of the Act, it had no jurisdiction

to issue any order that restrained deportation. The Supreme Court has rejected the respondent's construction of the jurisdictional reach of section 106 (a).

In Cheng Fan Kwok v. Immigration and Naturalization Service (1968) 392 U.S. 206, 215, 88 S.Ct. 1970, 1975, 20 L.Ed.2d 1037, the Court held that "Congress quite deliberately restricted the application of § 106(a) to orders entered during proceedings conducted under § 242(b), or directly challenging deportation orders themselves." Kwok, like Hong, had conceded his deportability in a section 242 hearing and had been granted voluntary departure in lieu of deportation. Kwok did not depart; he made a separate claim, after the section 242 hearing, for a stay of the deportation order pending submission and resolution of an application for adjustment of status under 8 U.S.C. § 1153a(7). After the district director denied the requested stay, Kwok sought review in the Court of Appeals for the Third Circuit under section 106(a). On certiorari to the Supreme Court both Kwok and I.N.S. contended that section 106(a) was applicable to "all determinations 'directly affecting the execution of the basic deportation order,' whether those determinations have been reached prior to, during, or subsequent to the deportation proceeding." 392 U.S. at 210, 88 S.Ct. at 1973. The Court ruled, however, that the proceedings requesting a stay were entirely distinct from the section 242 hearing and that, while the application for a stay assumed the prior existence of a deportation order, it did not attack that order but sought relief consistent with it. Thus the Court rejected the proposed standard of "affecting execution of a deportation order" and held that "§ 106 (a) embrace[s] only those determinations made during a proceeding conducted under § 242(b), including those determinations made incident to a motion

---

3. 8 U.S.C. § 1105a(c), providing, in pertinent part:
    "An order of deportation  .  .  . shall not be reviewed by any court if the

alien has not exhausted the administrative remedies available to him  .  .  . ."

to reopen such proceedings." 392 U.S. at 216, 88 S.Ct. at 1976.

The order is reversed and the cause is remanded to the district court for further proceedings consistent with the views herein expressed.