**Maria RUIZ–MANCILLA, aka Maria de Torres, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 75–2394.**

United States Court of Appeals, Ninth Circuit.

March 10, 1978.

Edward Weinstein, Las Vegas, Nev., for petitioner.

Richard I. Chaifetz, Dept. of Justice, Washington, D. C., for respondent.

Before TRASK and ANDERSON, Circuit Judges and GRANT,* District Judge.

PER CURIAM:

Petitioner, a native of Mexico, was ordered deported on April 10, 1975, and given until June 12, 1975, to voluntarily depart. This order of deportation was not appealed to the Board of Immigration Appeals, or this court.

On June 9, 1975, petitioner filed a motion to reopen the deportation proceeding so she could apply for suspension of deportation. This was followed by a petition requesting a stay until her husband's preference petition could be acted upon. On June 24, 1975, both of these motions were denied by an Immigration Judge.

On June 25, 1975, petitioner's counsel telephoned the Board of Immigration Appeals to request a stay of deportation. Although it was not clear to the Board whether this was intended as an appeal, the Board considered it as such on certification under 8 C.F.R. § 3.1(e). The Board denied the requested stay.

This appeal raises the jurisdictional question whether a petitioner can have a direct appeal to the Court of Appeals from an order denying a stay of deportation.[1]

Congress provided for direct appeal to the Court of Appeals in certain circumstances in section 106(a) of the Immigration and Nationality Act (8 U.S.C. § 1105a).[2] That statute provides for "the judicial review of all final orders of deportation . . . pursuant to administrative proceedings under section 242(b) of this Act [§ 1252(b) of this title] . . . ."

A section 242(b) proceeding is an evidentiary proceeding before an Immigration Judge allowing both parties to present evidence on the issue of deportation.

The Supreme Court, in *Cheng Fan Kwok v. INS*, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968), extensively reviewed what orders were to be considered pursuant to a section 242(b) proceeding, and thus directly reviewable in the Court of Appeals. It was determined that section 106(a) is to be read narrowly. Only those orders made directly in connection with or during the section 242(b) hearing were to be reviewed initially in the Court of Appeals. Orders denying reopening of a section 242(b) hearing, because they deal directly with the hearing, are also directly appealable to the Court of Appeals. But, a stay of deportation, requested sometime after the section 242(b) hearing, was seen as a separate proceeding. So, a denial of a stay petition is not directly reviewable in the Court of Appeals.[3] *See Hong v. Agency for International Development*, 470 F.2d 507, 508–09 (9th Cir. 1972).

The appeal is dismissed for lack of jurisdiction.

---

* Honorable Robert A. Grant, United States Senior District Judge, for the Northern District of Indiana, sitting by designation.

1. In view of our disposition of this cause on jurisdictional grounds the motion to augment the record in the matters stated is of no legal significance and it is denied.

2. The jurisdictional scheme is found at 28 U.S.C. §§ 2341–2352 as incorporated by 8 U.S.C. § 1105a.

3. As the Supreme Court stated in *Cheng Fan Kwok*, 392 U.S. at 215, 88 S.Ct. at 1975:

    We believe that, in combination with the terms of § 106(a) itself, these statements lead to the inference that Congress quite deliberately restricted the application of § 106(a) to orders entered during proceedings conducted under § 242(b), or directly challenging deportation orders themselves.