**Manuel Serrano ANGELES, Plaintiff,**

**v.**

**David ILCHERT, District Director, Immigration and Naturalization Service, Defendant.**

**No. C–88–1342 JPV.**

United States District Court, N.D. California.

Nov. 29, 1988.

Mildred Harris, San Francisco, Cal., for plaintiff.

Joseph P. Russoniello, U.S. Atty., Judith A. Whetstine, Chief, Civ. Div., Susan L. Kamlet, Sp. Asst. U.S. Atty., San Francisco, Cal., for defendant.

---

OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S CROSS–MOTION FOR SUMMARY JUDGMENT WITH PREJUDICE

VUKASIN, District Judge.

This cause of action arises out of the defendant's denial of the plaintiff's application labeled "Application for Stay of Deportation." Specifically, the plaintiff seeks an order enjoining the defendant from refusing to follow the guidelines applicable to the family fairness policy enunciated to the Congress on October 21, 1987 and declaring that under these guidelines, the plaintiff is eligible for indefinite deferral of his deportation. Both parties moved for summary judgment.

This Court finds that it must grant the defendant's motion for summary judgment and deny the plaintiff's cross-motion for summary judgment with prejudice. The Court concludes that (1) it does not have the authority to grant the relief the plaintiff seeks and (2) that a memorandum prepared by the Commissioner of the Immigration and Naturalization Service (hereinafter "INS") in 1987 did not promulgate guidelines for a new relief based upon "family fairness" which would permit an indefinite deferment of deportation for spouses of amnesty qualified individuals where compelling or humanitarian factors are present.

## I. BACKGROUND

The plaintiff, born December 25, 1917, is a native and citizen of the Philippines currently residing in the United States. The plaintiff entered the United States on December 8, 1983 with a visitor's visa, the terms of which he subsequently overstayed. The plaintiff's wife of thirty-five years, also a Filipino citizen, entered the United States in 1979. On June 2, 1987, the plaintiff's wife qualified for amnesty under the Immigration Reform and Control Act of 1986, Pub.L. 99–603, 100 Stat. 3359 (1986).

In 1986, the plaintiff applied for political asylum with the INS. His application was denied on February 21, 1986. An immigration judge subsequently ordered the plaintiff to report for deportation on the ground that he had overstayed his visitor's visa. The plaintiff appealed the decision to the Board of Immigration Appeals (hereinafter "BIA"), which, on September 17, 1987, affirmed the immigration judge's order of deportation and denial of the plaintiff's application for asylum. On October 21, 1987, the INS ordered the plaintiff to report for deportation.

On November 9, 1987, the plaintiff, in a separate proceeding, filed an application on INS Form I–246 with the defendant David Ilchert, the San Francisco District Director of the INS. Pursuant to 8 C.F.R. § 243.4, INS Form I–246 must be used when an alien who is under a final administrative order of deportation seeks to have an INS district director discretionarily grant a stay of deportation. The plaintiff's application was labeled "Application for Stay of Deportation."

The plaintiff claims that on October 21, 1987, guidelines for a new relief based upon "family fairness" were promulgated by the Commissioner of the INS. This new relief allegedly permits an "indefinite deferment of deportation" for spouses of amnesty qualified individuals where compelling or humanitarian factors are present. The plaintiff further claims that this new relief is procedurally encompassed in 8 C.F.R. § 244.2. Under Section 244.2, an INS district director may discretionarily extend the time within which an alien must depart voluntary. The plaintiff repeatedly contends that this application was not one for stay of deportation under Section 243.4, as the INS states, but was, instead, an application for "indefinite deferment of deportation (or extended voluntary departure)". *See* Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss the Complaint and for Summary Judgment at 4. The plaintiff alleges he used the stay of deportation form only at the insistence of the INS.

On November 16, 1987, the plaintiff filed a petition for review of the BIA's final order of deportation with the United States Court of Appeals for the Ninth Circuit. Apparently construing the plaintiff's INS Form I–246 as seeking a stay of deportation, the defendant subsequently denied it on the ground that it was moot because the plaintiff had received a statutory stay of deportation pursuant to 8 U.S.C. § 1105a(a)(3) upon the filing of his petition for review with the Court of Appeals. This Court now holds that the defendant acted properly and is entitled to judgment as a matter of law.

## II. DISCUSSION

### 1. Jurisdiction

■ The plaintiff contends that this Court has jurisdiction to hear this case under 28 U.S.C. § 1331 because he has asserted a claim arising under the federal law. While this Court does not find that it has jurisdiction under § 1331, this Court does find that it has jurisdiction to hear this action pursuant to 8 U.S.C. § 1105a(a)(9). Section 1105a(a)(9) grants a district court habeas corpus jurisdiction to review an order denying a stay of deportation where the proceedings are separate from the deportation proceedings. *See Dhangu v. Immigration and Naturalization Service*, 812 F.2d 455, 459 (9th Cir. 1987).

### 2. The Defendant's Denial of the Stay of Deportation

■ Pursuant to 8 C.F.R. § 243.4, an INS district director may discretionarily grant a stay of deportation to an alien who is under a final administrative order of deportation. An application for such a stay is to be made on INS Form I–246. The District Director may grant a stay "for such time and under such conditions as he may deem appropriate."

The plaintiff filed an INS Form I–246 on November 9, 1987. Nowhere in the application did the plaintiff mention that he was seeking "indefinite deferment of deportation (or extended voluntary departure)" pursuant to 8 C.F.R. § 244.2. Instead, the plaintiff requested that *"[s]tay is requested* based on respondent's marriage to a person who has qualified for amnesty and the existence of compelling humanitarian factors."

The defendant treated the plaintiff's application as one for stay of deportation pursuant to 8 C.F.R. § 243.4. However, by the time the defendant adjudicated the application, the plaintiff had received a statutory stay of deportation pursuant to 8 U.S. C. Section 1105a(a)(9), which requires the INS to stay the deportation of any alien who has petitioned the Court of Appeals for review of the BIA's final order of deportation. Accordingly, the defendant properly denied the plaintiff's application as moot because the plaintiff's deportation had been automatically stayed through his filing of a petition for review in the Ninth Circuit. *See Dhangu v. Immigration and Naturalization Service*, 812 F.2d 455 (9th Cir.1987).

### 3. The Plaintiff's Request for Indefinite Deferment of Deportation (or Extended Voluntary Departure)

■ The plaintiff vigorously argues that his INS Form I–246 is not an application for a stay of deportation. He argues that he is seeking an "indefinite deferral of deportation (or extended voluntary departure)" pursuant to the "family fairness" guidelines announced by INS Commissioner Alan C. Nelson on October 21, 1987 before the House Subcommittee on Immigration, Refugees, and International Law. The plaintiff claims that this Court should enjoin the defendant from refusing to properly apply the "humanitarian factors" under this policy. Some statutory and regulatory background is required before this Court can address the plaintiff's argument.

Under 8 U.S.C. § 1252(b), the United States Attorney General may conduct proceedings to determine the deportability of any alien, subject to certain procedural requirements. Section 1252(b) provides in part:

In the discretion of the Attorney General, and under such regulations as he may

prescribe, deportation proceedings, including the issuance of a warrant of arrest, and a finding of deportability under this section need not be required in the case of any alien who admits to belonging to a class of aliens who are deportable under section 1251 of this title if such alien voluntarily departs from the United States at his own expense, or is removed at Government expense as hereinafter authorized ...

Section 1254(e) provides further grounds for the Attorney General (and thus the INS) to permit an alien to depart voluntarily from the United States. *See also* 8 C.F.R. § 242.5 (1988).

■ The Attorney General enjoys broad latitude in enforcing the immigration laws. *See* 8 U.S.C. § 1103(a) (authorizing the Attorney General to establish such regulations and perform such other acts as he deems necessary to carry out his authority). Under 8 C.F.R. § 244.2, an INS district director, in his/her discretion, may extend the time within which an alien must depart voluntarily. Section 244.2 expressly provides that no appeal may be taken from a district director's decision regarding an alien's request for an extension of time to depart voluntarily.

The Immigration Reform and Control Act of 1986 (hereinafter "the Act") substantially reformed the immigration laws of the United States. While the Act's primary purpose is to stop illegal immigration, it also provided a legalization program for aliens who had entered the United States before January 1, 1982. *See* 8 U.S.C. § 1255a. It is also clear, however, that Congress did not intend to extend this legalization program to aliens who entered the United States after January 1, 1982— including the families of legalized aliens. The Senate Judiciary Committee stated:

It is the intent of the Committee that the families of legalized aliens will obtain no special petitioning right by virtue of the legalization. They will be required to "wait in line" in the same manner as immediate family members of other new resident aliens.

S.Rep. No. 99–131, 99th Cong., 1st Sess., 343 (1985).

On October 21, 1987, subsequent to the Act's passage, INS Commission Alan C. Nelson appeared before the House Subcommittee on Immigration, Refugees and International Law to testify on the implementation of the Act, specifically with regard to its effect on families of legalized aliens. A memorandum regarding his testimony was subsequently prepared, which discusses in part "family fairness" issues that have arisen with respect to the Act. *See* Nelson, "Supplementary Information for the Appearance before the House Subcommittee on Immigration, Refugees and International Law, Immigration Reform and Control Act Oversight Hearing," October 21, 1987 (hereinafter "Nelson Memorandum"). The Nelson Memorandum provides in part that "INS district directors may exercise the Attorney General's authority to indefinitely defer deportation of anyone for specific humanitarian reasons." Nelson Memorandum at 5. The memorandum also provides guidelines for district directors to use in determining voluntary departure requests by family members of aliens who have obtained legalized status under the Act. *Id.*

The plaintiff's wife has become eligible for legalization pursuant to 8 U.S.C. § 1255a. Thus, it is apparently the passage in the Nelson Memorandum that refers to "specific humanitarian reasons" on which the plaintiff bases his claim for relief. This Court declines to grant the relief the plaintiff requests.

Contrary to the plaintiff's arguments, this Court does not find that the Nelson Memorandum creates a new statutory or regulatory right of relief for illegal aliens subject to deportation. Rather, the Nelson Memorandum simply outlined for the House Subcommittee new guidelines that INS district directors may use in considering applications for extended voluntary departure made pursuant to 8 C.F.R. § 244.2. This Court does not find that the Nelson Memorandum expresses the intent of either Congress or the INS to create a new form

of relief that did not exist before its publication.

Even assuming *arguendo* that the plaintiff's INS Form I–246 was properly an application for extended voluntary departure status under 8 C.F.R. § 244.2, this Court may not review the defendant's denial of the plaintiff's request, as this decision has been committed to the Attorney General's discretion by law. *Hotel and Restaurant Employees Union v. Smith*, 594 F.Supp. 502, 505–10 (D.D.C.1984), *aff'd*, 846 F.2d 1499, 1510, 1519–20 (D.C.Cir.1988) (Attorney General's decision not to grant extended voluntary departure status for El Salvadoran nationals was not reviewable); *see also Romeiro De Silva v. Smith*, 773 F.2d 1021, 1025 (9th Cir.1985) (district court lacked jurisdiction to review an INS district director's decision not to recommend deferred action status for alien). The cases cited by the plaintiff are inapposite. *See, e.g., Bu Roe v. Immigration and Naturalization Service*, 771 F.2d 1328, 1333 (9th Cir.1985) (Court of Appeals' standard of review of BIA's decisions affirming orders of deportation).

Accordingly, the plaintiff is not entitled to the relief he seeks. Regardless of whether this Court construes the plaintiff's INS Form I–246 as an application for a stay of deportation or as an application for extended voluntary departure status based on a fancied right in the so-called Nelson Memorandum under Section 244.2, this Court finds that there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law.

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the defendant's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that the plaintiff's cross-motion for summary judgment is DENIED with prejudice.