33 F.3d 59
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Scott LENNIE Petitioner-Appellee,
v.
Donald A. RADCLIFFE, District Director Immigration and
Naturalization Service, Honolulu; Immigration and
Naturalization Service, Respondents-Appellants.
 No. 93-16462.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1994.*
Decided Aug. 15, 1994.
 
 Before: FERNANDEZ, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The District Director of the Immigration and Naturalization Service appeals the district court's entry of an order enjoining Lennie's deportation "until final resolution of the motion to reopen filed with the BIA, which may include the conclusion of any appeals of right from the BIA determination." The Director contends that authority to stay Lennie's deportation rests exclusively with this court after a petition for review is filed. We agree and vacate the district court's order and remand with instructions to dismiss the petition filed by Lennie.
 
 DISCUSSION
 
 3
 In the case of Dhangu v. INS, 812 F.2d 455 (9th Cir.1987), we had occasion to review district court authority to issue a stay in INS decisions. We noted that the court of appeals had authority under 8 U.S.C. Sec. 1105a(a) to review final orders of deportation, and that this exclusive jurisdiction also includes " 'determinations made during and incident to the administrative proceeding ..., and reviewable together by the [BIA], such as orders denying voluntary departure ... and orders denying the withholding of deportation.' " Id. at 458 (quoting from Foti v. INS, 375 U.S. 217, 229 (1963)). This exclusive jurisdiction also extends to review of BIA decisions on motions to reopen under Sec. 242(b) of the Act. Id. (citing Giova v. Rosenberg, 379 U.S. 18 (1964)).
 
 
 4
 We also noted the district courts' authority to entertain habeas proceedings in subsequent "entirely distinct, proceedings," id. at 459, and to review denials of stays entirely distinct from the deportation proceedings. Id.
 
 
 5
 Once the District Director declined to stay deportation, if the district court did not act, then Lennie could have been deported prior to filing a petition for review with this court. The Director concedes that the district court acted within its jurisdiction in staying Lennie's deportation until a petition could be filed in this court. However, once the petition had been filed, exclusive jurisdiction to issue a stay rested with this court.
 
 
 6
 This is made clear by the provisions of Sec. 1105a(a)(3) which provide for an automatic stay of deportation on filing of the petition for review unless the alien has been convicted of an aggravated felony. In that case, the statute directs that the INS shall not stay the deportation pending decision on the petition, "unless the court otherwise directs." The court referred to is the court of appeals, which has exclusive jurisdiction over the petition for review.
 
 
 7
 Therefore, the district court erred in staying Lennie's deportation beyond the point at which a petition for review was filed in this court. Because such a petition has now been filed, the balance of the district court's order is now moot.
 
 
 8
 The district court's order of June 2, 1993, granting an injunction and issuing the writ of habeas corpus is VACATED and the case is REMANDED to the district court with instructions to dismiss the petition.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3