78 F.3d 577
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Dennis Alexander MARTIN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-2010.
 United States Court of Appeals, First Circuit.
 March 7, 1996.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 B.I.A.
 REVIEW DISMISSED.
 Linda A. Cristello on brief for appellant.
 Before TORRUELLA, Chief Judge, and CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Dennis Martin is a native and citizen of Jamaica who legally entered this country as an immigrant in June 1988. He was convicted in April 1992 in a Massachusetts Superior Court of possession of cocaine with intent to distribute. The INS then issued an Order to Show Cause in July 1992 based on his conviction of an aggravated felony.
 
 
 2
 An immigration judge (IJ) held a deportation hearing in April 1994 at which petitioner was represented by an attorney. Deportability was conceded and Jamaica designated as the country for deportation purposes. Counsel then asked for a continuance of 15 months so that petitioner could accumulate the seven years required for an application for discretionary relief under § 212(c), 8 U.S.C. § 1182(c).[1] Petitioner would reach the seven-year mark in June 1995.
 
 
 3
 Although acknowledging the presence of hardship--petitioner has a stammer which he alleges cannot be treated in Jamaica and his mother who lives here is blind--the IJ determined that there was no cause to grant a continuance. The Board of Immigration Appeals (BIA) summarily dismissed the appeal when counsel failed to file a brief, and this petition for review ensued.
 
 
 4
 Petitioner contends that the IJ should have granted a continuance so that he could apply for a § 212(c) discretionary waiver. An IJ may grant a motion for a continuance "for good cause shown." 8 C.F.R. § 3.29. We review the denial of such a motion for abuse of discretion. See Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). In support of his position on review, petitioner first argues that as a statute of repose and forgiveness, § 212(c) is liberally construed in favor of aliens. He then analogizes his situation to a case in which the BIA held that a motion to reopen should be granted where an alien has filed an application for adjustment of status contemporaneously with a visa petition. See Matter of Garcia, 16 I. & N. Dec. 653 (BIA 1978).
 
 
 5
 In Garcia, an IJ had ordered the deportation of an alien as an overstay. The alien then moved to reopen the proceedings so that he could apply for an adjustment of status pursuant to § 245, 8 U.S.C. § 1255. Ordinarily, the INS required a prima facie showing that, in addition to the filing of an application for an adjustment, (1) the alien was eligible to receive an immigrant visa and was admissible to the U.S. for permanent residence, and (2) an immigrant visa was immediately available to him or her at the time the application was filed. In the case of an adjustment application simultaneously filed with a visa petition, the INS would deny the application because the visa, by definition, would not be immediately available.
 
 
 6
 However, an amendment to the INA changed the provision for dating the adjustment application. As a result, the INS amended the regulations specifically to permit the simultaneous filing of an application for adjustment of status and a visa petition. In Garcia, the BIA recognized that to continue the practice of requiring immediately-available visas would nullify the new simultaneous filing provision. To give proper effect to this provision, then, the BIA decided that it would generally reopen deportation proceedings unless (1) ineligibility was apparent on the record, or (2) the adjustment application would be denied on statutory grounds or as a matter of discretion, even were the visa petition approved. In this way, the adjustment application would be retained until the INS ruled on the visa petition.
 
 
 7
 We find Garcia inapposite. First, to be entitled to reopening, the alien's visa petition must be prima facie approvable. Petitioner's attempt to make this showing in regard to his application for a § 212(c) waiver fails. According to him, the IJ opined that the hardship petitioner alleged would have been the basis for a "successful" waiver application. However, the record does not reveal that the IJ made such a statement. Rather, she stated that a continuance of 15 months to enable petitioner to apply for § 212(c) relief was not a good reason to grant petitioner's motion, "understanding that there are--[that] this may be a case where there are--where there is hardship. Unfortunately, the [petitioner] has been convicted of an aggravated felony as he has admitted in his pleadings." At most, then, the IJ viewed the case as possibly involving hardship. Even if she definitely had determined the presence of hardship, however, she still would need to balance the humane factors favoring relief against the adverse factors favoring deportation. See Matter of Marin, 16 I. & N. Dec. 581 (BIA 1978); Gouveia v. INS, 980 F.2d 814, 816 (1st Cir.1992).
 
 
 8
 Second, as the IJ pointed out, petitioner is an aggravated felon. Indeed, the last sentence of § 212(c) provides that an aggravated felon who has served at least five years in prison is ineligible to apply for discretionary relief. Unlike the amendment to § 245, then, the changes to § 212(c) in regard to aggravated felons indicate a restrictive approach. Further, even where, as here, an aggravated felon is entitled to make a § 212(c) application, "it is incumbent upon [such] a petitioner not only to demonstrate that favorable factors preponderate but also to present 'unusual or outstanding equities' as a prerequisite for a waiver of excludability." Gouveia, 980 F.2d at 816.
 
 
 9
 Without deciding whether such equities exist in this case, we cannot say that the denial of a continuance, based in part on petitioner's status as an aggravated felon, was in derogation of the intent of § 212(c). Here, the IJ refused a request to continue the proceedings for over a year so that Martin could file an application for discretionary relief. Given the length of time involved and the intent of Congress to deport aggravated felons with relative dispatch and to deny them, in some circumstances, opportunities for relief from deportation, we conclude that the IJ did not abuse her discretion in denying the motion for a continuance.
 
 
 10
 The petition for review is summarily dismissed. See Local Rule 27.1. The motion for a stay is denied as moot.[1]
 
 
 
 [1]
 Section 212(c) provides in relevant part:
 Aliens lawfully admitted for permanent resident [sic] who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General....
 
 
 [1]
 The INS's denial of petitioner's motion for a stay may be challenged in a habeas corpus proceeding. See, e.g., Dhangu v. INS, 812 F.2d 455, 459 (9th Cir.1987)