**Devakumarn SRINIVASAN,
Petitioner—Appellant,**

v.

**Adele J. FASANO, Dist. Director; et
al., Respondents—Appellees.**

No. 03–56996.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

Jaime Jasso, Westlake Village, CA, for
Petitioner–Appellant.

Michael McCartin, Office of Immigration
Litigation Civil Division, Department of
Justice, Washington, DC, for Respondents–Appellees.

Before: GOODWIN, WALLACE and
TROTT, Circuit Judges.

MEMORANDUM **

Devakumarn Srinivasan, a native and
citizen of India, appeals the district court's
denial of his motion to amend his 28 U.S.C.
§ 2241 petition challenging his order of
removal. We have jurisdiction pursuant to
28 U.S.C. § 2253, and we affirm.

Srinivasan contends that the district
court erred in denying his motion to
amend his § 2241 petition on the ground
that he had not exhausted the argument
he sought to incorporate. We have reviewed the record and conclude that Srinivasan has not exhausted the issue he seeks
to incorporate. *See Dhangu v. INS,* 812
F.2d 455, 460 (9th Cir.1987) ("Ordinarily,
an alien is required to exhaust his adminis-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

trative remedies by first appealing to the [the Board of Immigration Appeals ("BIA")] before petitioning this court. This is a jurisdictional requirement.").

Srinivasan next contends that he should be excused from the exhaustion requirement because exhaustion would be futile. We disagree. Contrary to Srinivasan's assertions, the BIA's position on the question at issue is not "already set." *Sun v. Ashcroft*, 370 F.3d 932, 943–44 (9th Cir.2004). While Srinivasan is correct that it is not always necessary to raise constitutional issues prior to review in this court, if the BIA is permitted to address Srinivasan's claims first, it could take action that would render this court's consideration of constitutional issues (assuming there are any) unnecessary. *See Dhangu*, 812 F.2d at 460. Moreover, Srinivasan's equal protection claim involves factual questions that this court "is not in a position to resolve." *Id.; see also Roque–Carranza v. INS*, 778 F.2d 1373, 1374 (9th Cir.1985) (initial consideration of due process claim by the BIA develops an adequate record on appeal and avoids premature interference with agency procedures).

AFFIRMED.