Victor Julio PARRA–MORALES, Petitioner—Appellant,

v.

Alberto GONZALES,* Attorney General, Respondent— Appellee.

No. 04–55737.

United States Court of Appeals, Ninth Circuit.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted Feb. 7, 2005.**

Decided Feb. 10, 2005.

Victor Julio Parra–Morales, N. Hollywood, CA, pro se.

Richard M. Evans, Esq., Marion E. Guyton, Attorney, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent–Appellee.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

MEMORANDUM ***

Victor Julio Parra–Morales, a native and citizen of Colombia, appeals the district court's denial of his motion to amend his 28 U.S.C. § 2241 petition challenging his order of removal. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Parra–Morales contends that the district court erred in denying his motion to amend his § 2241 petition on the ground that he had not exhausted the argument he sought to incorporate. Reviewing the record, we conclude that Parra–Morales has not exhausted the issue he seeks to incorporate. *See Dhangu v. INS,* 812 F.2d 455, 460 (9th Cir.1987) ("Ordinarily, an alien is required to exhaust his administrative remedies by first appealing to the BIA before petitioning this court. This is a jurisdictional requirement."); *see also Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (stating that exhaustion is mandatory and jurisdictional).

Parra–Morales further contends that he should be excused from the exhaustion requirement because exhaustion would be futile. We disagree. Contrary to Parra–Morales' assertions, the BIA's position on the question at issue is not "already set." *Sun v. Ashcroft,* 370 F.3d 932, 943–44 (9th Cir.2003). While Parra–Morales is correct that it is not always necessary to raise

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

constitutional issues prior to review in this court, if the BIA is permitted to address Parra–Morales' claims first, it could take action that would render this court's consideration of constitutional issues (assuming there are any) unnecessary. *See Dhangu*, 812 F.2d at 460. Moreover, Parra–Morales' equal protection claim involves factual questions that this court "is not in a position to resolve." *Id.; see also Roque–Carranza v. INS*, 778 F.2d 1373, 1374 (9th Cir.1985) (concluding initial consideration of due process claim by the BIA develops an adequate record on appeal and avoids premature interference with agency procedures).

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3. Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General. Fed. R.App. P. 43(c)(2).