Rosa Mariscal De MALDONADO, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–71688.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2008.*

Filed June 6, 2008.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Carl H. McIntyre, Jr., Kristin A. Cabral, Esq., U.S. Department of Justice, Civil Div./Office, Washington, DC, for Respondent.

Before: THOMPSON, O'SCANNLAIN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Rosa Mariscal De Maldonado ("Maldonado"), a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for cancellation of removal and adjustment of status. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252.

In the "Statement of the Issues" section of her brief before us, Maldonado purports to raise the issue of "[w]hether the [IJ] and the BIA ... violated [her] due process rights by not allowing [her] to apply for cancellation of removal under INA section 240A(b), 8 U.S.C. § 1229b(b), because she had apparently been the subject of a 'Romalez Departure,' thus cutting off her continuous physical presence in the United States and rendering her statutorily ineligible for cancellation of removal." But the "Argument" section of her brief makes no mention of this issue. Thus, it is waived. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL–CIO v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985) ("[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly raised *and argued* in appellant's opening brief.") (emphasis added).

Maldonado argues that the IJ violated her due process rights by failing to notify her that she might be eligible for adjustment of status under 8 C.F.R. § 245.2(a)(1)(i)–(ii) (2003), and by not permitting her to apply for adjustment of status under 8 U.S.C. § 1255(a) (2003). "Ordinarily, an alien is required to exhaust h[er] administrative remedies by first appealing to the BIA before petitioning to this court. This is a jurisdictional require-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ment." *Dhangu v. INS*, 812 F.2d 455, 460 (9th Cir.1987); *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004) (holding that exhaustion of administrative remedies is a jurisdictional requirement, and failure to exhaust deprives the court of subject-matter jurisdiction). Maldonado did not raise these issues in her appeal to the BIA. Thus, we lack jurisdiction to consider them.

Finally, Maldonado argues that the BIA abused its discretion in denying her motion to remand to the immigration court. However, that motion does not contain any arguments or evidence that were unavailable to Maldonado at the time of the merits hearing. The BIA did not abuse its discretion in denying the motion. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (noting that the BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law").

**DISMISSED IN PART FOR LACK OF JURISDICTION; DENIED IN PART.**