Francisco RAMOS–MIRANDA,
Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 05–74528.

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 2008.*

Filed July 17, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John M. Pope, Esq., Deniz S. Arik, Stender & Pope, PC, Phoenix, AZ, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, John S. Hogan, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: W. FLETCHER and TALLMAN, Circuit Judges, and DAWSON **, District Judge.

### MEMORANDUM ***

Francisco Ramos–Miranda ("Ramos"), a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals' ("BIA") order adopting and affirming an Immigration Judge's ("IJ") order finding him removable and granting the government's motion to pretermit his application for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252.

Ramos was charged with removability for two reasons: he was convicted of a crime of domestic violence in violation of 8 U.S.C. § 1227(a)(2)(E)(i), and he overstayed his visa in violation of 8 U.S.C. § 1227(a)(1)(B). Before the IJ, Ramos conceded that he had overstayed his visa. He argued that his 2002 conviction in Arizona for unlawful imprisonment in violation of Arizona Revised Statute § 13–1303

did not constitute a crime of domestic violence within the meaning of 8 U.S.C. § 1227(a)(2)(E)(i). The IJ disagreed. The IJ also granted the government's motion to pretermit Ramos's application for cancellation of removal because, in light of his 2002 conviction, Ramos was not a person of good moral character. Ramos appealed to the BIA, but in his appeal, he did not challenge the good moral character determination. The BIA adopted and affirmed the IJ's order.

"Ordinarily, an alien is required to exhaust his administrative remedies by first appealing to the BIA before petitioning to this court. This is a jurisdictional requirement." *Dhangu v. INS*, 812 F.2d 455, 460 (9th Cir.1987); *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004) (holding that exhaustion of administrative remedies is a jurisdictional requirement, and failure to exhaust deprives the court of subject-matter jurisdiction). Ramos's failure to appeal the IJ's decision as to his lack of good moral character leaves us without jurisdiction to consider that issue.

Even if we agreed with Ramos that his 2002 conviction did not constitute a crime of domestic violence, he would still be deportable because he overstayed his visa, and he would still be ineligible for cancellation of removal because he has failed to challenge the IJ's determination that he lacked good moral character. *See* 8 U.S.C. § 1229b(b) (listing good moral character as a requirement for eligibility for cancellation of removal).

**DISMISSED FOR LACK OF JURISDICTION.**

---

** The Honorable Kent J. Dawson, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.