**Francisco Valenzuela JIMINEZ, Petitioner,**

v.

**DISTRICT DIRECTOR, UNITED STATES IMMIGRATION AND NATU-RALIZATION SERVICE, Respondent.**

**No. 26765.**

United States Court of Appeals, Ninth Circuit.

April 28, 1971.

Hiram W. Kwan, of Kwan, Cohen & Quan, Los Angeles, Cal., for petitioner.

John N. Mitchell, U. S. Atty. Gen., Washington, D. C., Robert L. Meyer, U. S. Atty., Frederick M. Brosio, Jr., Chief, Civil Division, Carolyn M. Reynolds, Asst. U. S. Atty., Los Angeles, Cal., Joseph Sureck, Regional Director, INS, Terminal Island, San Pedro, Cal., Stephen Suffin, Atty., INS, San Francisco, Cal., for respondent.

Before MERRILL, BROWNING, and KILKENNY, Circuit Judges.

PER CURIAM:

Jiminez is a native and citizen of the Philippines who entered the United States on March 8, 1969, as a non-immigrant in transit for a temporary period. He was authorized to remain in this country only until July 26, 1969. When he overstayed his authorization, deportation proceedings were initiated, and the inquiry officer ordered Jiminez deported. On appeal, the Board of Immigration Appeals affirmed the order of the inquiry officer.

In this petition for review, Jiminez asserts that the inquiry officer abused his discretion in denying Jiminez's motion to terminate the deportation proceedings in order that he might file a petition for naturalization pursuant to 8 U.S.C. § 1440(a). Jiminez claims to be qualified for naturalization under this section through his service in the United States Navy. The inquiry officer believed that Jiminez was ineligible for naturalization under the statute because his enlistment took place outside the

United States. Jiminez maintains that he enlisted aboard a United States vessel berthed in a foreign port and that such an enlistment does take place "in the United States" within the meaning of section 1440(a).

We do not reach this contention. Subsection (b) (1) of section 1440 provides that an outstanding final order of deportability is no bar to the filing of a petition for naturalization under the section. The Board of Immigration Appeals, in its de novo review, affirmed the inquiry officer solely on this ground.

Perhaps under some circumstances deportation might adversely affect a petitioner's ability successfully to prosecute his claim for naturalization, but no such circumstances were suggested during an administrative review of the present case. Jiminez's claim for naturalization rests on a technical legal point which does not require his presence in this country for a just resolution.

No other showing was made in support of the motion to terminate the deportation proceedings. Accordingly, the record does not support petitioner's contention that the Board abused its discretion in denying the motion.

The petition to review is dismissed.