Jose Jesus RAMIREZ–JUAREZ and Herminda Gil De Ramirez, Petitioners/Appellants,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent/Appellee.

No. 79–7252.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 1980.

Decided Nov. 19, 1980.

---

Joseph J. Rey, El Paso, Tex., for petitioners/appellants.

Eric A. Fisher, Dept. of Justice, Washington, D.C., argued, James P. Morris, Joseph D. Sheahan, Lauri Steven Filppu, Washington, D.C., on brief, for respondent/appellee.

Before BROWNING, Chief Judge, SNEED and CANBY, Circuit Judges.

PER CURIAM:

Petitioners were found deportable by an Immigration Judge for having entered the United States in 1977 without inspection, in violation of § 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2). Petitioners moved to reopen the proceedings but their motion was denied by the Immigration Judge and the Board of Immigration Appeals affirmed. Petitioners now seek review of the Board's decision under § 106(a) of the Act, 8 U.S.C. § 1105a(a). We affirm.

Petitioners first illegally entered the United States in 1973 and settled in Idaho. On September 4, 1977, they were apprehended. Petitioners were subsequently found deportable and allowed to depart the United States voluntarily. They left on November 16, 1977, but on November 25, 1977, they reentered the United States without inspection. On March 13, 1978, they were again apprehended. At their deportation hearing on May 11, 1978, petitioners admitted that they had illegally entered and were subject to deportation. They were found deportable and did not appeal. They subsequently moved to reopen the proceedings, and the Immigration Judge denied that motion on February 26, 1979. The Board affirmed on April 18, 1979.

Petitioners contend here as they did below that they are entitled to relief by reason of an injunction issued by the United States District Court of the Northern District of Illinois in *Silva v. Levi*, No. 76–C4268 (N.D.Ill. Oct. 10, 1978)[1], *rev'd sub nom. Silva v. Bell*, 605 F.2d 978 (7th Cir. 1979). That injunction barred deportation of any western hemisphere alien entering the United States before March 11, 1977, who had been granted a priority date for the issuance of an immigration visa between July 1, 1968, and December 31, 1976.

The *Silva* injunction by its own terms cannot apply to the present deportation proceedings which are based upon an illegal entry in November 1977, some eight months after *Silva's* cutoff of March 11, 1977. Petitioners accordingly direct their attack upon their prior deportation which was based upon an illegal entry in 1973.[2] The validity of that proceeding, however, is not properly before us. This court has consistently held that an alien cannot collaterally attack an earlier exclusion or deportation at a subsequent deportation hearing, in

1. The injunction began as a temporary restraining order entered on April 1, 1977. *Silva v. Levi*, No. 76–C4268 (N.D.Ill. Apr. 1, 1977).

2. Petitioners never had been granted a priority date so as to bring them within the terms of the *Silva* injunction. They claim that they ought to have been granted one, a contention that the Government denies. In view of our disposition, we need not resolve that controversy, nor need we address the question whether we have jurisdiction to enforce another court's injunction upon review of a deportation order.

the absence of a gross miscarriage of justice at the prior proceedings.[3] *Hernandez–Almanza v. United States Department of Justice,* 547 F.2d 100, 102 (9th Cir. 1976); *Mondragon v. Ilchert,* No. 78–3051 (9th Cir. Jan. 25, 1980); *Burr v. Immigration & Naturalization Service,* 350 F.2d 87 (9th Cir. 1965), *cert. denied,* 383 U.S. 915, 86 S.Ct. 905, 15 L.Ed.2d 669 (1966). No gross miscarriage of justice is alleged here. Moreover, § 106(c) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(c) provides:

> An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations or if he has departed from the United States after the issuance of the order.

Petitioners did not appeal the 1977 deportation decision, and voluntarily departed the United States on November 16, 1977. They consequently waived judicial review of that determination and cannot attack it now.[4] *Hernandez–Almanza,* 547 F.2d at 103; *Favela v. Immigration & Naturalization Service,* 420 F.2d 575 (9th Cir. 1969), *cert. denied,* 398 U.S. 910, 90 S.Ct. 1705, 26 L.Ed.2d 70 (1970).

Even if petitioners were able successfully to attack their 1977 deportation, they would not be entitled to a reversal of the Board's order in this case. The current proceedings base the deportability of petitioners on their illegal entry in November 1977. That entry is a deportable offense in its own right whether or not the prior deportation was subject to the defects alleged by petitioners. *Hernandez–Almanza,* 547 F.2d at 102; *Mondragon v. Ilchert,* No. 78–3051 (9th Cir. Jan. 25, 1980).

Petitioners have failed to show a prima facie entitlement to relief.[5] The Board's decision not to reopen the deportation proceedings was not an abuse of discretion. *See Wang v. Immigration & Naturalization Service,* 622 F.2d 1341, 1345 (9th Cir. 1980) (en banc); *Villena v. Immigration & Naturalization Service,* 622 F.2d 1352, 1358–59 (9th Cir. 1980) (en banc). The order of the Board is affirmed.

---

3. The rule against collateral attack in a civil deportation proceeding is to be distinguished from the rule applicable to a criminal prosecution for reentering the United States after deportation, in violation of § 276 of the Act, 8 U.S.C. § 1326. In the latter instance, the prior deportation is an element of the crime, and this court has permitted it to be collaterally attacked. *United States v. Gasca–Kraft,* 522 F.2d 149 (9th Cir. 1975); *United States v. Barraza–Leon,* 575 F.2d 218 (9th Cir. 1978); *United States v. Calderon–Medina,* 591 F.2d 529 (9th Cir. 1979); *see United States v. Calles–Pineda,* 627 F.2d 976 (9th Cir. 1980).

4. We do not deal here with a motion to reopen the defective deportation proceeding, itself on grounds of gross procedural irregularity. *See Mendez v. Immigration & Naturalization Service,* 563 F.2d 956 (9th Cir. 1977).

5. Petitioners also included in their motion to reopen a suggestion that they might have been eligible for suspension of deportation. No factual support for that bare allegation was offered, and the contention was not pursued here.