24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Juan Antonio ROSAS-ALTAMIRANO, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70793.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1994.
Decided April 29, 1994.
 
 Before: HUG, WIGGINS and NOONAN, Circuit Judges
 MEMORANDUM*
 On August 11, 1986, Petitioner Juan Antonio Rosas-Altamirano appeared before an immigration judge in order to respond to an Order to Show Cause which charged him with being deportable as an alien who had entered the United States without inspection. The judge found Rosas-Altamirano deportable and found that his contention that he had not received a fair hearing in 1976 was baseless. Rosas-Altamirano appealed the decision to the BIA in August, 1986. The BIA denied his appeal on October 29, 1992 and Rosas-Altamirano appeals the BIA's decision. He bases his appeal to this court on three issues: his 1976 hearing, his 1986 hearing and his motion to remand. We affirm the BIA's decision and do not remand the case.
 1976 Hearing
 Rosas-Altamirano claims that his 1976 hearing was unfair. An alien must show that there has been a gross miscarriage of justice in order to collaterally attack an immigration hearing. Ramirez-Juarez v. INS, 633 F.2d 174 (9th Cir.1980). Rosas-Altamirano points to a number of factors to support his argument that a gross miscarriage of justice occurred in 1976. He fails to demonstrate any unfairness, much less a gross miscarriage of justice.
 
 
 1
 He claims that the 1973 conviction for marijuana transportation which formed the predicate for his deportation in 1976 should not have been used because it was charged under the Federal Youth and Corrections Act, 18 U.S.C. Sec. 5005, repealed by Pub.L. 98-473. This Act, however, only applied to people who were under twenty-two years at the time of the conviction; Rosas-Altamirano was twenty-three at the time of his conviction on marijuana charges. Rosas-Altamirano's claim here is at best error, at worst an intentional attempt to confuse or mislead this court.
 
 
 2
 A review of the transcript of the hearing indicates that the judge very carefully explained Rosas-Altamirano's rights to him, including his right to hire an attorney if he wished. Nothing in the record reflects any confusion based on language and Rosas-Altamirano appears to have received a fair and full hearing. His arguments concerning the fairness of his 1976 deportation hearing are without merit.
 
 1986 Hearing
 
 3
 Rosas-Altamirano attacks his 1986 hearing because the judge did not overturn his 1976 deportation. As discussed above, this argument is without merit. Rosas-Altamirano also argues that the judge should have advised him of his possible eligibility for suspension of deportation. Title 8 U.S.C. Sec. 1254(a) provides that for an alien to be eligible for suspension of deportation, he must: (1) have been physically present in the United States for not less than seven years; (2) be of good moral character; and (3) be a person whose deportation would result in extreme hardship to the alien or to his spouse or child who is a citizen of the United States. Because Rosas-Altamirano entered this country illegally and without inspection in 1985 and because he did not present the immigration judge with any evidence that he had been physically present in the United States for at least seven years, the judge did not err by not advising Rosas-Altamirano that he was eligible for suspension of deportation when he failed to satisfy the requirements of the statute.
 
 Motion to Remand
 
 4
 Rosas-Altamirano also seeks to have the question of whether he is now eligible for suspension of deportation remanded to the BIA. He argues that, because the appeal took six years to be decided, he has now spent the requisite seven years in the United States. The Supreme Court, in INS v. Rios-Pineda, 471 U.S. 444, 449 (1985), held that a frivolous appeal should not allow aliens to satisfy the requirements for suspension of deportation. The Court did not want to encourage aliens to file frivolous and time-consuming appeals in order to qualify for suspension of deportation eligibility. Rios-Pineda, 471 U.S. at 450. As discussed above, Rosas-Altamirano did not make any arguments in his appeal that had merit. His claims that his 1976 hearing was a gross miscarriage of justice could easily be characterized as frivolous. Considering the clear holding of Rios-Pineda, we find that Rosas-Altamirano should not have his case remanded to the BIA for evaluation of his eligibility for suspension of deportation.
 
 
 5
 Rosas-Altamirano also argues that the BIA should reopen his case because he is eligible for adjustment of status under 8 U.S.C. Sec. 1255 due to the INS approval of an immediate relative visa petition filed by his wife. However, section 1255 limits adjustment of status to aliens who were "inspected and admitted or paroled into the United States." Because Rosas-Altamirano was not legally in the United States, he would not be eligible for adjustment of status. The BIA, therefore, would have no grounds to reopen his case based on the adjustment of status.
 
 
 6
 For the reasons stated above, the BIA's decision affirming the immigration judge's decision is Affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3