**Gilberto REYES–LEON, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–70327.**

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2007 *.

Filed March 15, 2007.

Tim Everett, Esq., Law Office of Tim Everett, Los Angeles, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. By his own factual admissions, it is clear he was not eligible for suspension of deportation at that time. *See* 8 U.S.C. § 1254(a)(1) (1995) (listing, among other requirements, the requirement that an alien have been present for "not less than seven years").

2. *See Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 969 (9th Cir.2003) (per curiam) (holding that

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Thankful T. Vanderstar, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, GRABER, and IKUTA, Circuit Judges.

MEMORANDUM **

Gilberto Reyes–Leon petitions for review of the Board of Immigration Appeals' decision affirming an immigration judge's order of removal. We deny the petition. Even if Reyes–Leon could establish that the 1995 hearing violated due process, the best outcome he could have received from that proceeding was voluntary departure.[1] Had he received voluntary departure, however, he would be in the same position that he is in today.[2] In these circumstances, no miscarriage of justice occurred, much less a gross one.[3]

---

a grant of voluntary departure "occasioned a break in [the alien's] 'continuous physical presence'" under 8 U.S.C. § 1229b, just as an order of deportation would). We note that, when this court denied rehearing en banc in *Vasquez–Lopez,* it rejected the same arguments that the petitioner now makes. *See id.* at 963–69 (Berzon, J., dissenting from denial of rehearing en banc).

3. *See Ramirez–Juarez v. INS,* 633 F.2d 174, 175–76 (9th Cir.1980) (per curiam) (reciting standard applicable to collateral attacks on prior proceedings).

In light of our decision, the government's motion to reconsider our earlier decision to allow supplementation is moot. We have not considered any of the supplemental materials. In addition, we need not consider the alternative ground for denying cancellation of removal provided by the immigration judge.

PETITION DENIED; GOVERNMENT'S MOTION DENIED AS MOOT.