**Patricia Llerania OLMOS–BELTRAN,. Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–71069.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.[*]

Filed March 12, 2008.

Nwabueze C.I. Ezeife, Efeife & Associates, Samuel U. Nwobodo, Emeziem & Ogbu, LLP, Emeryville, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Gretchen M. Wolfinger, Tax Division/Appellate Section, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Patricia Llerania Olmos–Beltran, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals ("BIA") order dismissing her appeal from an immigration judge's order terminating removal proceedings and finding that a pre-existing deportation order was valid. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review findings of fact for substantial evidence, *Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir.2005), and we review decisions to terminate proceedings for abuse of discretion, *Jiminez v. INS*, 441 F.2d 1149 (9th Cir.1971). We deny in part and dismiss in part the petition for review.

Because Olmos–Beltran failed to demonstrate a gross miscarriage of justice, she may not at this point collaterally attack the 1997 deportation order. *See Ramirez–Juarez v. INS*, 633 F.2d 174, 175–76 (9th Cir.1980) (per curiam).

To the extent Olmos–Beltran challenges the BIA's 2000 order denying her motion to reopen, we lack jurisdiction to review that order because she failed to timely petition this court for review of that decision. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).