**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ATHELUALDO ORTEGA-LOPEZ, | No. 08-73944 |
| Petitioner, | Agency No. A035-554-123 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Athelualdo Ortega-Lopez, a native and citizen of the Philippines, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's removal order. We have jurisdiction under

8 U.S.C. § 1252. We review de novo questions of law, and review for substantial

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

evidence the factual findings underlying the agency's decision. *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003). We deny the petition for review.

The agency properly found Ortega-Lopez removable based on his admissions that he had been previously deported in December 1999 and that he sought re-entry within twenty years of his deportation. *See* 8 U.S.C. § 1182(a)(9)(A)(i). Ortega-Lopez has not submitted any evidence indicating that he applied for or received a waiver under 8 U.S.C. § 1182(a)(9)(A)(iii) prior to seeking reentry. *See* 8 C.F.R. § 1240.8(b) (an arriving alien must prove that he or she is clearly and beyond a doubt entitled to be admitted to the United States and is not inadmissible as charged).

To the extent Ortega-Lopez seeks to collaterally attack his 1999 removal order, he has not demonstrated a gross miscarriage of justice in his prior proceedings. *See Ramirez-Juarez v. INS*, 633 F.2d 174, 175-76 (9th Cir. 1980) (per curiam).

**PETITION FOR REVIEW DENIED.**