**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMON BUCIO-CARRILLO, aka Ramon Bucio, Ramon Busio, and Jesus Ramon Bucio-Carrillo, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 06-74810 <br><br> Agency No. A038-513-608 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2010[**]
San Francisco, California

Before: REINHARDT, HAWKINS, and N.R. SMITH, Circuit Judges.

Ramon Bucio-Carrillo, a native and citizen of Mexico, petitions for review

of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1.     Bucio-Carrillo seeks to collaterally attack his 1998 removal order. As a general rule, "an alien cannot collaterally attack an earlier exclusion or deportation at a subsequent deportation hearing, in the absence of a gross miscarriage of justice at the prior proceedings." *Ramirez-Juarez v. INS*, 633 F.2d 174, 175-76 (9th Cir. 1980) (per curium). Here, the BIA did not err in concluding that Bucio-Carrillo failed to demonstrate a "gross miscarriage of justice at the prior proceeding," because the May 1, 1998 deportation order was lawful when he was deported on July 14, 1998. *See Alvarenga-Villalobos v. Ashcroft*, 271 F.3d 1169, 1172-73 (9th Cir. 2001). Therefore, Bucio-Carrillo cannot collaterally attack his 1998 removal order.

Additionally, Bucio-Carrillo is not entitled to the relief provided by 8 C.F.R. § 1003.44, because it specifically excludes aliens who illegally return to the United States.

2.     Bucio-Carrillo filed a motion to augment the record with his I-212 application, his 1998 habeas corpus denial, and the transcript of the proceedings on October 19, 2005. The documents are not necessary to the resolution of this matter. Thus, the motion is denied.

**PETITION DENIED.**