**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADRIAN HERRERA-CORRAL,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-71883<br><br>Agency No. A034-145-416<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2012[**]
Pasadena, California

Before: FARRIS and W. FLETCHER, Circuit Judges, and HELLERSTEIN, Senior
District Judge.[***]

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S.
District Court for Southern New York, sitting by designation.

Herrera petitions for review of the denial of INA § 212(c) relief by the Board of Immigration Appeals. He argues that the immigration judge in Herrera's 1983 deportation proceedings lacked jurisdiction to order him deported, that he is entitled to § 212(c) relief because he is still a lawful permanent resident and that his due process rights were violated when the immigration judge in the current proceedings held that he was not entitled to § 212(c) relief. We deny the petition for relief.

An alien can collaterally attack an earlier deportation at a subsequent deportation hearing only for gross miscarriage of justice. *Ramirez-Juarez v. INS,* 633 F.2d 174, 175 -76 (9th Cir. 1980). This court reviews questions of law *de novo. Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir. 2000).

Herrera argues that his earlier deportation was a gross miscarriage of justice because the order to show cause was not properly filed and the immigration judge thus lacked jurisdiction to order him deported. The immigration judge had jurisdiction, however, as the order to show cause was filed before the court entered the deportation order. Herrera does not dispute that he was properly served and he was able to present witnesses at his 1983 deportation hearing. There was no gross miscarriage of justice.

Herrera lost permanent resident status when the immigration judge entered the final administrative order of deportation in his prior proceeding and when he was deported. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1117 (9th Cir. 2003). He does not meet the requirement for a discretionary waiver from deportation that he have a lawful unrelinquished domicile of seven consecutive years. *Pascua v. Holder*, 641 F.3d 316, 318 (9th Cir. 2011). There was no error in denying Herrera's application for relief.

This court reviews *de novo* claims of due process violations in removal proceedings. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir. 2000). As Herrera was statutorily ineligible for § 212(c) relief, the immigration judge could not grant him relief. The immigration judge did not err in denying his application without a full hearing. Herrera has not shown error and substantial prejudice. *Larita-Martinez v. INS,* 220 F.3d 1092, 1095 (9th Cir. 2000).

PETITION DENIED.