**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 05 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30231 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-02042-EFS-1 |
| v. | |
| RAFAEL GARCIA-ARREDONDO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted August 6, 2012
Seattle, Washington

Before: NOONAN, GRABER, and RAWLINSON, Circuit Judges.

Rafael Garcia-Arredondo appeals the district court's denial of his motion to

dismiss his indictment for illegal reentry after deportation. We affirm.

Garcia-Arredondo was convicted of violating a 2007 deportation order. To

collaterally attack that order, he must demonstrate a violation of due process rights

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

and prove resulting prejudice. *See United States v. Reyes-Bonilla*, 671 F.3d 1036, 1039 (9th Cir. 2012), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. July 11, 2012) (No. 12-5286). The 2007 deportation order was a reinstatement of a 2002 order, so we look back to the 2002 order. *See United States v. Arias-Ordonez*, 597 F.3d 972, 978 (9th Cir. 2010).

Garcia-Arredondo first argues that we should look further back before 2002 to a 1999 removal proceeding. The 2002 proceedings were independent of the 1999 proceeding; they were not reinstatement proceedings. Garcia-Arrendondo conceded he was deportable in 2002. We thus do not look back to 1999 for due process violations.

In the alternative, Garcia-Arredondo argues he was directly denied due process in the 2002 proceedings because he was denied a continuance and allegedly received ineffective assistance of counsel. In 2002, Garcia-Arredondo moved for further time and requested assistance of counsel to contest the 1999 proceeding. Garcia-Arredondo, however, is now unable to show prejudice. Review of prior immigration proceedings in a civil deportation hearing is limited to a gross miscarriage of justice standard. *See Ramirez-Juarez v. INS*, 633 F.2d 174, 175-76 (9th Cir. 1980) (per curiam). Garcia-Arredondo alleges that the immigration judge in 1999 failed to inform him fully of the difference between voluntary departure

and cancellation of removal, but this alleged failure is insufficient to satisfy the gross miscarriage of justice standard that applied in 2002. *Cf. id.* (no gross miscarriage of justice when earlier deportation violated an injunction); *Hernandez-Almanza v. INS*, 547 F.2d 100, 102 (9th Cir. 1976) (no gross miscarriage of justice when alien deported on drug conviction that was later vacated). Therefore, a grant of a continuance or further assistance from counsel in 2002 would have led to the same conclusion. Garcia-Arredondo did not suffer any violation of due process in 2002 that resulted in prejudice.

Garcia-Arredondo was properly convicted on the basis of his 2002 deportation order.

**AFFIRMED.**