**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50268 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00134-BEN-1 |
| v. | |
| JOSE FERMIN DAVALOS-MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted July 10, 2013
Pasadena, California

Before: WARDLAW, BYBEE, and NGUYEN, Circuit Judges.

Jose Fermin Davalos-Martinez ("Davalos") appeals his conviction following

a guilty plea to one count of attempted entry after deportation, in violation of 8

U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in denying Davalos's motion to dismiss the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

indictment based on the alleged invalidity of the 1993 deportation order, because the superseding indictment was based solely on the 2002 deportation, which is separate and independent from the 1993 deportation. As Davalos concedes, the 2002 deportation did not reinstate the prior deportation order. *Cf. United States v. Arias-Ordonez*, 597 F.3d 972, 982 (9th Cir. 2010) (holding that none of the subsequent deportation orders provide an independent basis for conviction of illegal reentry where the subsequent orders merely reinstated an invalid deportation order). Instead, the 2002 deportation was based on Davalos's entry into the United States on or after February 18, 1993 without being "admitted or paroled after inspection by an Immigration Officer." Because Davalos's reentry without being admitted or paroled "constituted a deportable offense in its own right," the 1993 deportation is irrelevant, regardless of its validity. *See Hernandez-Almanza v. INS*, 547 F.2d 100, 102–03 (9th Cir. 1976) (holding that the alien's subsequent deportation for entering the United States without inspection is "proper on its own merits and may proceed" even if a prior deportation order is vacated). Davalos's argument that the 1993 deportation "tainted" the 2002 deportation is not supported by any case law.

We need not and do not reach the remaining issues raised on appeal.

**AFFIRMED.**