**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

SEP 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICENTE GARDUNO, | No. 12-70142 |
| Petitioner, | Agency No. A075-106-359 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 28, 2014
Seattle, Washington

Before: HAWKINS, GRABER, and GOULD, Circuit Judges.

Petitioner Vicente Garduno ("Garduno") petitions for review of a 2011

Board of Immigration Appeals ("BIA") order which dismissed his collateral attack

on a 2004 BIA removal order. He raises two contentions in his petition for review:

1) that the BIA erred in dismissing his collateral attack on the 2004 order; and 2)

that subsequent reliance by the immigration judge ("IJ") and the BIA on the 2004

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

removal order to deny him adjustment of status relief denied him due process of law. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Absent a "gross miscarriage of justice," an alien may not collaterally attack an earlier removal order. *See Ramirez-Juarez v. INS*, 633 F.2d 174, 175-76 (9th Cir. 1980) (per curiam). Garduno contends that the BIA committed a gross miscarriage of justice because its 2004 removal order relied on a regulation, 8 C.F.R. § 245.1(c)(8), that was invalidated by *Bona v. Gonzales*, 425 F.3d 663 (9th Cir. 2005).

But we have held that, absent certain narrow exceptions which are not relevant here, new rules do not apply retroactively in a collateral attack on prior immigration proceedings. *See Alvarenga-Villalobos v. Ashcroft,* 271 F.3d 1169, 1172–1173 (9th Cir. 2001). And the BIA has previously declined to find a gross miscarriage of justice unless a removal order "could not have withstood judicial attack under the law" in effect at the time of its issuance or execution. *Matter of Farinas*, 12 I. & N. Dec. 467, 472 (BIA 1967). Here, 8 C.F.R. § 245.1(c)(8) was valid both at the issuance of the 2004 order and at the time of its self-execution when Garduno voluntarily exited the country on an unknown date before March 12, 2005. *Bona* was not decided until nearly 18 months after the removal order was issued. Further, Garduno did not petition for review of the 2004 order,

waiving his opportunity to obtain a holding similar to *Bona*'s in his own case. No gross miscarriage of justice has occurred, and Garduno cannot collaterally attack his 2004 removal order.

Garduno also contends that subsequent reliance by the IJ and the BIA on the 2004 removal order to deny him adjustment of status deprived him of the due process of law. "However, aliens have no fundamental right to discretionary relief from removal for purposes of due process." *Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1167 (9th Cir. 2004). Because adjustment of status is a form of discretionary relief, "denial of such relief cannot violate a substantive interest protected by the Due Process clause." *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1091 (9th Cir. 2010) (internal quotation marks omitted). Garduno cannot prevail on his due process claims.

**PETITION DENIED.**