**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50634 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-04852-L-1 |
| v. | |
| LUIS ALEJANDRO ALARCON-TAPIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Argued and Submitted March 6, 2015
Pasadena, California

Before: PREGERSON, PARKER[**], and NGUYEN, Circuit Judges.

Luis Alejandro Alarcon-Tapia appeals the district court's denial of his

motion to dismiss the indictment for a violation of 8 U.S.C. § 1326. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

jurisdiction under 28 U.S.C. § 1291.  Reviewing de novo, *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004), we affirm.

1.      We reject Alarcon-Tapia's claim that alleged defects in the 1998 removal proceeding taint the validity of the 2003 expedited removals that form the basis for the present prosecution.  As an initial matter, we assume, without deciding, that the 1998 removal order is invalid.  Even so, the 2003 expedited removals are not reinstatements of the 1998 removal, *cf. United States v. Arias-Ordonez*, 597 F.3d 972, 978–82 (9th Cir. 2010), but rather are distinct removal orders that may serve as stand-alone predicates for a prosecution under 8 U.S.C. § 1326, *see United States v. Barajas-Alvarado*, 655 F.3d 1077, 1086–87 (9th Cir. 2011).  Under these circumstances, the invalidity of one removal order does not taint a subsequent, distinct removal order.  *See United States v. Davalos-Martinez*, 537 F. App'x 773, 774 (9th Cir. 2013); *United States v. Garcia-Arredondo*, 489 F. App'x 171, 172 (9th Cir. 2012).

We recognize that Alarcon-Tapia lost his status as a legal permanent resident as a result of the 1998 removal proceeding.  Nonetheless, regardless of any but-for causal nexus between his removal from the United States as a result of the 1998 order and his subsequent expedited removals in 2003, Alarcon-Tapia was still bound by the 1998 order unless and until it was invalidated through legal

2

proceedings. *Cf. Maness v. Meyers*, 419 U.S. 449, 458 (1975) (explaining that persons who "refuse to obey [a court] order generally risk criminal contempt even if the order is ultimately ruled incorrect"). Thus, Alarcon-Tapia was an inadmissible alien in the eyes of the law when he sought admission to the United States in 2003.

2.      The 2003 expedited removals also did not violate Alarcon-Tapia's due process rights when viewed in isolation. First, aliens in expedited removal proceedings do not have a due process right to be informed of their ability to withdraw their application for admission. *United States v. Sanchez-Aguilar*, 719 F.3d 1108, 1112 (9th Cir. 2013). Thus, the immigration authorities' failure to advise him of this option does not constitute a due process violation. *See id.* And, even if it did, consideration of the factors set forth in the INS Inspector's Field Manual and other factors demonstrates that Alarcon-Tapia did not have "plausible grounds" for obtaining that relief. *See United States v. Raya-Vaca*, 771 F.3d 1195, 1206–07 (9th Cir. 2014). Among the negative factors were Alarcon-Tapia's false claim that he was a United States citizen; his attempt to enter the United States on April 6, 2003, after being subjected to an expedited removal one week earlier; his numerous criminal convictions including an aggravated felony; and the fact that he was not in poor health or of an age weighing in favor of relief. The presence of his

family in the United States, the frequency with which aliens generally withdrew their applications for admission in 2003, and the specific instances cited by him where withdrawal was granted in other cases are insufficient to tip the scales in favor of finding relief to be plausible in his case.

Additionally, Alarcon-Tapia provides no argument as to how he suffered prejudice from the inspectors' failure to read his sworn statement back to him. To the extent that he intends for this assertion to form the basis for a distinct due process challenge to the 2003 expedited removals, that challenge is waived. *See EEOC v. Peabody W. Coal Co.*, 773 F.3d 977, 990 (9th Cir. 2014).

**AFFIRMED.**