**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO CABALLERO-GUAPILLA, AKA Miguel Angel Lopez Martinez, AKA Juan Jose Mendoza, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-71175 <br><br> Agency No. A200-819-636 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Ricardo Caballero-Guapilla, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his applications for cancellation of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal and adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005), and we review for substantial evidence the agency's continuous physical presence determination, *Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008). We deny the petition for review.

Caballero-Guapilla contends that his 2010 departure from the United States should not render him ineligible for relief because he accepted voluntary departure due to ineffective assistance of counsel. However, Caballero-Guapilla has not demonstrated a "gross miscarriage of justice" as required in order to collaterally attack the final order issued in his previous immigration proceedings. *See Ramirez-Juarez v. INS*, 633 F.2d 174, 175-76 (9th Cir. 1980). Accordingly, the agency did not err in determining Caballero-Guapilla was statutorily ineligible for adjustment of status under section 245(i) of the Immigration and Nationality Act, and substantial evidence supports the agency's determination that he failed to demonstrate the requisite continuous physical presence for cancellation of removal due to his voluntary departure. *See* 8 U.S.C. § 1229b(b)(1)(A); *Vasquez-Lopez v. Ashcroft*, 343 F.3d 961, 974 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**