NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YONI ROLANDO SOLIS-RAMIREZ,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    13-72649

Agency No. A044-612-096

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 30, 2016
Pasadena, California

Before:  KOZINSKI and BYBEE, Circuit Judges, and WALTER,** District Judge.

Yoni Solis-Ramirez petitions this court for review of the Board of

Immigration Appeals' ("BIA") decisions not to reopen *sua sponte* or cancel his

removal proceedings.  We have jurisdiction pursuant to 8 U.S.C. § 1252, and we

_____

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The Honorable Donald E. Walter, United States District Judge for the
Western District of Louisiana, sitting by designation.

deny the petition. The parties are familiar with the facts, and we will not recite them here.

Solis-Ramirez contends that the BIA erred when it refused to reopen *sua sponte* or cancel his removal proceedings. It did not. Because Solis-Ramirez's removal order was merely a reinstatement of a previous removal order, 8 U.S.C. § 1231(a)(5) provides that "the prior order of removal is reinstated . . . and is not subject to being reopened or reviewed." Nonetheless, Solis-Ramirez urged the BIA to reopen or cancel the removal proceedings on the basis that the "prior order of removal" was a gross miscarriage of justice for two reasons: ineffective assistance of counsel and the reclassification of a crime that was one of the bases for the initial removal order.

The BIA is barred from reopening or reviewing a reinstated removal order unless its refusal to do so would result in a "gross miscarriage of justice." *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138 (9th Cir. 2008). Solis-Ramirez's allegations fail to rise to this high bar. *See Ramirez-Juarez v. INS*, 633 F.2d 174, 175–76 (9th Cir. 1980) (per curiam) (refusing to find a gross miscarriage of justice when an alien was deported in violation of a court injunction); *Hernandez-Almanza v. INS*, 547 F.2d 100, 102–03 (9th Cir. 1976) (refusing to find a gross miscarriage of justice when an alien was deported based on a conviction

2

that was later vacated), *superseded by statute on other grounds as noted in Planes v. Holder*, 652 F.3d 991, 995 (9th Cir. 2011); *see also United States v. Garcia-Arredondo*, 489 Fed. App'x 171, 172 (9th Cir. 2012) (refusing to find a gross miscarriage of justice when an alien "allegedly received ineffective assistance of counsel" in their initial removal proceeding). Therefore, the BIA was statutorily barred from reopening or cancelling the removal proceedings.

Because the statutory bar is dispositive, we do not reach the BIA's alternative holding that Solis-Ramirez did not demonstrate an exceptional circumstance that warrants *sua sponte* reopening of his removal proceedings.

**DENIED.**