

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOUIS LYONS, AKA Louis Anthony Lyons,<br><br>          Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>          Respondent. | No.    14-74025<br><br>Agency No. A034-090-099<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 14, 2017
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and ROBRENO,[**] District Judge.

In July 2014, Louis Lyons filed a motion to reopen his 1983 removal

proceedings to present a 1989 judicial recommendation against deportation

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

("JRAD"),[1] which Lyons contends entitles him to relief from deportation. We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition.

The Board of Immigration Appeals ("BIA") did not abuse its discretion in denying Lyons's motion to reopen. The motion was filed more than 30 years after the immigration judge ("IJ") ordered Lyons removed and more than 18 years after the deadline to file the motion expired on September 20, 1996. *See* 8 C.F.R. § 1003.2(c)(2) (providing that a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later"). Between 1983 and 2006, moreover, Lyons illegally reentered the United States on three occasions and was deported each time.[2] Lyons argues only that his

---

[1] Former 8 U.S.C. § 1251(b)(2) authorized a sentencing court to "recommend[]" that a defendant alien not be deported because of a criminal conviction. *See* 8 U.S.C. §1251(b)(2) (1988). Such recommendations were binding on the Attorney General. *See id.* (providing that "the provisions of . . . this section respecting the deportation of an alien convicted of a crime or crimes *shall not apply*" where the sentencing court has issued a JRAD (emphasis added)). Congress repealed § 1251(b)(2) in 1990. *See* Pub. L. No. 101-649, § 505, 104 Stat. 4978, 5050 (1990).

[2] Lyons's assertion that he was "illegally deported" is not accurate. All of Lyons's deportations were proper. Lyons was deported each time because he entered the United States without authorization; none of his subsequent deportations involved his 1983 removal.

JRAD entitles him to relief from his 1983 deportation; he does not argue that it applies to any of his three subsequent deportations.

Lyons also failed to demonstrate that he acted with the due diligence required for equitable tolling of the September 1996 deadline for his motion to reopen. *See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) (recognizing that equitable tolling is available where "despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim" (alterations, quotation marks, and citation omitted)); *see also Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling is available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence"). Even assuming that Lyons's first motion to reopen, filed in October 2011, was improperly construed by the BIA as a motion to reopen a different proceeding, Lyons has not provided a reasonable explanation why he was unable to file his motion *before* October 2011. There is no dispute that Lyons was aware of the JRAD in 1989. Yet Lyons failed to pursue any relief until at least 2006, and his limited activities between 2006 and 2011 do not constitute due diligence for establishing equitable tolling.

Lyons's 1991 removal proceedings in Louisiana also do not provide an explanation for Lyons's failure to seek relief before 2011. Lyons asserts the IJ

3

misled him in 1991 with regard to his available relief from his 1983 removal, but the IJ in 1991 made it clear that the 1983 removal order was not before him.[3] Further, the IJ in the 1991 proceedings had no authority to reopen the 1983 proceedings absent a miscarriage of justice, *see Ramirez-Juarez v. INS*, 633 F.2d 174, 175–76 (9th Cir. 1980) (per curiam), and the BIA in the 1991 proceedings concluded that no miscarriage of justice had occurred. *See Hernandez-Almanza v. INS*, 547 F.2d 100, 102-03 (9th Cir. 1976) (finding an alien who was deported based on a drug conviction that was later vacated was not subjected to a gross miscarriage of justice at the prior proceeding), *superseded by statute on other grounds as stated in Planes v. Holder*, 652 F.3d 991, 995 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**

---

[3] Lyons also asserts that the IJ was biased against him in the 1991 proceedings. In support of this claim, he filed a motion for judicial notice, presenting new information. We are limited to the administrative record, *see Shoafera v. INS*, 228 F.3d 1070, 1073 (9th Cir. 2000); therefore, the motion is **DENIED**. Further, Lyons asserts that the IJ and the BIA erred in their determinations regarding the 1991 reentry; however, those proceedings are not subject to the present motion to reopen. We therefore decline to address them.