**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50260 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:19-cr-00074-JFW-1 |
| JOSE RAUL ORTIZ-PINA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted August 11, 2020**
Pasadena, California

Before: O'SCANNLAIN and CALLAHAN, Circuit Judges, and M. WATSON,***
District Judge.

Jose Raul Ortiz-Pina appeals the district court's denial of his motion to

dismiss the indictment for illegal reentry under 8 U.S.C. § 1326. The facts are

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael H. Watson, United States District Judge for
the Southern District of Ohio, sitting by designation.

known to the parties so we do not repeat them here.

## I

Ortiz-Pina only challenges the validity of his June 2004 removal order, but he does not challenge the subsequent July 2004 removal order. But only *one* valid prior removal order is necessary to support a conviction for illegal reentry. 8 U.S.C. § 1326. *See also United States v. Alarcon-Tapia*, 599 F. App'x 278, 279 (9th Cir. 2015) (the invalidity of one removal order does not taint a subsequent order).

## II

Moreover, his specific challenges to the June 2004 removal order are not persuasive. First, the record reveals that at the June 2004 removal proceeding, Ortiz-Pina was advised of his right to appeal the removal order multiple times, but he explicitly waived that right. And "an alien cannot collaterally attack an underlying deportation order if he validly waived the right to appeal that order." *United States v. Ramos*, 623 F.3d 672, 680 (9th Cir. 2010) (internal quotation marks and alteration omitted). Ortiz-Pina was not "improperly deprived of the opportunity for judicial review" and he failed to "exhaust[t] any administrative remedies that may have been available to seek relief against the order." 8 U.S.C. § 1326(d).

Second, the record reveals that Ortiz-Pina was advised of his right to counsel

multiple times and twice given a list of free or low-cost attorneys to represent him. He was also twice granted continuances so that he could find an attorney to represent him, but he still chose to waive his right to counsel.

Finally, the immigration judge was not required to inform Ortiz-Pina of any defense to removal based on "undoing" his conviction at the state court level when such a defense was not apparent from the record before the immigration judge. *United States v. Lopez-Velasquez,* 629 F.3d 894, 900 (9th Cir. 2010). Furthermore, "a conviction cannot be collaterally attacked in a deportation proceeding." *Urbina-Maurico v. I.N.S.*, 989 F.2d 1085, 1089 (9th Cir. 1993).

Thus, the district court correctly denied Ortiz-Pina's motion to dismiss the indictment for illegal reentry.

**AFFIRMED.**